UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

————

No. 1:26-cv-01334

————

**De Los Santos Cigarroa,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

————

## ORDER

Erick De Los Santos Cigarroa is a citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 28 U.S.C. § 1225(b)(2)(A). He filed a petition for a writ of habeas corpus demanding immediate release. Because his detention is lawful, the petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection in early 2011 and has resided here since. He is married and has two American citizen children. He has no criminal background. On May 5, 2026, he was detained as part of a traffic stop and taken into federal custody.

Since May 5, 2026, Petitioner has been in U.S. Immigration and Customs Enforcement custody and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas. His next scheduled hearing is on June 22, 2026.

On May 19, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release. This Court ordered Respondents to show cause within 10 days why the writ should not be granted.

1

Respondents answered, and the Court addresses the petition without the benefit of a reply.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming § 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process, violates his rights as a member of a certified "bond eligible" class, violates the Administrative Procedure Act ("APA"), violates 8 U.S.C. § 1226(a), and is unlawful under the INA's implementing regulations. His arguments, however, fail.

2

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 28 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 531. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth in Parts I–III, and V of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321 (W.D. Tex. June 8, 2026), the Court denies the petition.

\* \* \*

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on June 12, 2026.*

ANDREW DAVIS
United States District Judge

3